GANDÍA, PLAINTIFF AND APPELLEE, v. PORTO RICO FERTILIZER COMPANY, DEFENDANT AND APPELLANT.

Appeal from the District Court of San Juan in an Action to Recover Dividends.

No. 2474.—Decided July 3, 1922.

Decided on reconsideration in the case of *Gandía* v. *Porto Rico Fertilizer Company, ante,* page 346.

The facts are stated in the opinion.

Messrs. *C. Coll Cuchí* and *G. Cruzado Silva* for the appellants.

Mr. *José de Guzmán Benítez* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a hearing by virtue of reconsideration asked by both parties to the appeal. In our judgment of April 24, 1922, we reversed the judgment of the court below in so far as it ordered the appellant to recognize the appellee as the owner of sixty shares and to consider him, the said appellee, as one of the stockholders of said company and to pay him the dividends to be divided. We understood the judgment of the court below to mean that all these subsequent ordered matters were a consequence of the ownership of the said sixty shares. The appellee apparently insists that the pronouncement of the judgment was that he was to have future dividends or benefits by reason of an additional clause in the articles of dissolution between Gandía and Stubbe, by which benefits not divided amounting to $20,208.80 should be paid by Stubbe. But for the same reasons that we refused to let stand the pronouncements of the judgment in regard to the ownership of the sixty shares and its consequences, we should feel compelled to make the same holding in regard to benefits to be divided. The dividends were not declared at the time of the trial. The articles of dissolution called for their payment by Stubbe. The Porto Rico Fertilizer Com-

pany cannot be ordered to pay future dividends in a suit in which the said Stubbe is not a party.

However, we think the judgment in its form applies only to the sixty shares. The complaint itself does not set forth the clause of the articles of dissolution now referred to and the prayer of the complaint seems only to refer to the said sixty shares, and this after a specific mention of the $8,234.06 which we sustained as payable to the appellee. The judgment follows the complaint. In other words, both the complaint and the judgment set out first the specific sum the appellee was entitled to recover and everything else is an apparent consequence of said ownership. In the absence of a more specific allusion in the complaint to dividends to be divided by reason of benefits already obtained, we feel bound to hold that complainant and appellee waived any right in this action to such future dividends.

At the hearing of this case the appellant abandoned any other petition except that the judgment be modified in regard to costs. It is perfectly true that the appellant had a right to defend, because Stubbe was not made a party, but we do not find that the appellant ever admitted, as claimed, that Gandía was entitled to the payment of the $8,234.06. Our impression was strong that the appellant denied all liability to Gandía, although the ownership of these declared dividends appeared from the same clause by which the appellant resisted the idea of ownership of the sixty shares in Gandía. There was no offer of payment or deposit in court of the said $8,234.06. While we feel that the judgment for costs should stand, the court below, in fixing counsel fees, should take into consideration that the judgment has been reversed in part. A judgment should be rendered in the same terms as our judgment of April 24, 1922.

*Former judgment ratified.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in this decision.